IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RABINDRANAUTH PERSAUD**, | : | CIVIL ACTION NO. 1:09-CV-0333 |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JERRY C, MARTINEZ, WARDEN** | : | |
| **LSCI ALLENWOOD**, | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Rabindranauth Persaud ("Persaud"), an inmate confined at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood"), Allenwood, Pennsylvania. Persaud has paid the requisite filing fee. (Doc. 4.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, it is concluded that the petition is subject to dismissal.

**I.   Background**

Persaud "challenges a management variable for greater security which was imposed on Petitioner by staff at LSCI Allenwood and denies Petitioner placement to a minimum security facility." (Doc. 1, at 1.) In seeking a transfer to a minimum security facility, he argues that respondent failed to verify information contained in his Pre-Sentence Report. (Doc. 1, at 3.)

**II.    Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Persaud does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, in attempting to obtain a less restrictive security classification, he challenges the conditions of his confinement. Such challenges are appropriately remedied in a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Persaud may have to reassert his present claim in a properly filed civil rights complaint.

An appropriate order follows.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	March 18, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RABINDRANAUTH PERSAUD,** | : | **CIVIL ACTION NO. 1:09-CV-0333** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **JERRY C, MARTINEZ, WARDEN LSCI ALLENWOOD,** | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 18th day of March, 2009, petitioner having paid the $5.00 filing fee, it is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is further directed to CLOSE this case.


      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge